UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOOD DAWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIKI EAGLE SARL,<br><br>Defendant. | No. 2:22-cv-00896 DAD AC<br><br><br>ORDER |

    Before the court is plaintiff's motion to permit limited third-party discovery. ECF No. 12. Plaintiff filed this putative class action on May 25, 2022. ECF No. 1. Defendant is a French corporation that produces air purifiers. Id. at 3. Defendant has not appeared in this case and the Clerk of Court entered default against it on October 20, 2023. ECF No. 9. Now before the court is plaintiff's motion to conduct limited third-party discovery in anticipation of filing a motion for default judgment. ECF No. 12.

    Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts often grant such requests upon a showing of "good cause." See Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Good cause may exist where "the need for

expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Factors courts consider in determining whether there is good cause include "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." Strike 3 Holdings, LLC v. Doe, No. 2:22-cv-0158 TLN CKD, 2022 WL 657932, *1, 2022 U.S. Dist. LEXIS 39224, *3 (E.D. Cal. Mar. 4, 2022).

Plaintiff's motion is substantively deficient. It addresses none of the factors identified above, and provides only the vaguest indication as to the discovery it seeks to pursue. The entirety of plaintiff's argument is as follows: to move for default judgment plaintiff must "provide an accurate estimation of the amount of damages at issue. Defendant manufactures air purifiers and sells them through retailers such as Amazon, Target, or Walmart. ECF No. 1 ¶ 2. Accordingly, plaintiff seeks leave from the Court to take limited third-party discovery of entities which sell defendant's products for the purpose of ascertaining the size of the putative class and damages." ECF No. 12 at 3. Because plaintiff does not provide the information necessary for the court to grant the motion, the motion (ECF No. 12) is DENIED.

IT IS SO ORDERED.

DATED: January 17, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE