UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOOD DAWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIKI EAGLE SARL,<br><br>Defendant. | No.  2:22-cv-00896 DAD AC<br><br><br><br>ORDER |

Before the court is plaintiff's second motion to permit limited third-party discovery.  ECF No. 15.  Plaintiff filed this putative class action on May 25, 2022.  ECF No. 1.  Defendant is a French corporation that produces air purifiers.  Id. at 3.  Defendant has not appeared in this case and the Clerk of Court entered default against it on October 20, 2023.  ECF No. 9.  Now before the court is plaintiff's second motion to conduct limited third-party discovery in anticipation of filing a motion for default judgment.  ECF No. 15.  Plaintiff's initial motion (ECF No. 12) was denied because plaintiff did not provide sufficient analysis.  ECF No. 14.  The second motion cures the defects of the original motion.

Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

1

Courts often grant such requests upon a showing of "good cause." See <u>Am. LegalNet, Inc. v. Davis</u>, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Good cause may exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." <u>Semitool, Inc. v. Tokyo Electron America, Inc</u>., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Factors courts consider in determining whether there is good cause include "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." <u>Strike 3 Holdings, LLC v. Doe</u>, No. 2:22-cv-0158 TLN CKD, 2022 WL 657932, *1, 2022 U.S. Dist. LEXIS 39224, *3 (E.D. Cal. Mar. 4, 2022).

Here, plaintiff has stated a prima facie claim for breach of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"). To state a claim under the CLRA, a plaintiff must allege that the defendant's purported misrepresentations are likely to deceive a reasonable consumer, i.e., members of the public. See <u>Williams v. Gerber Prods. Co</u>., 552 F.3d 934, 938 (9th Cir. 2008). Plaintiff alleges that defendant misrepresented that its product, the 142C Air Purifier3 can purify a 550 sq. ft. room, when it can only purify 191 sq. ft. ECF No. 1 at ¶¶ 5, 25-31. Plaintiff relied on these representations and warranties in deciding to purchase his Product. <u>Id.</u> ¶ 5. Plaintiff alleges that he would not have purchased the Product, or would have paid less for it, had he known Defendant's representations were not true. <u>Id.</u> Plaintiff alleges that Defendant's misrepresentation misled him, and would mislead reasonable consumers. <u>Id.</u> ¶ 39. Plaintiff brings this action on behalf of a nationwide class and a California subclass. <u>Id.</u> ¶ 40. The first element is satisfied.

Second, plaintiff's discovery requests are sufficiently specific. Plaintiff seeks to file a Motion for Default Judgment, which will require plaintiff to provide an accurate estimation of the damages at issue. See Fed. R. Civ. P. 55(b)(2)(B). Plaintiff therefore seeks to subpoena Circana, LLC (formerly "Information Resources, Inc.") for sales data of defendant's Product within the United States. Scott Decl. ¶ 9. Circana, LLC is a globally recognized source for product sales data. <u>Id.</u> Because Circana, LLC's database is so complete, acquisition of their data would

eliminate the need to issue subpoenas to any other third parties such as individual retailers. Id. ¶¶ 10, 11. The second element is satisfied.

Third, plaintiff lacks alternative means to get the sales data necessary for the Motion for Default Judgment because defendant is a foreign corporation and has not appeared in this action. Discovery is therefore not open, and plaintiff cannot issue any Requests for Production directly to defendant. Scott Decl. ¶ 8. The third element is satisfied.

Fourth, Plaintiff needs this information from Circana, LLC, because without it he will be unable to provide an accurate estimate of the damages at issue which would impede entrance of a default judgment. See Fed. R. Civ. P. 55(b)(2)(B). The fourth element is satisfied. Finally, the fifth element of the good cause analysis does not apply to this case because defendant has already been identified, and this component of the analysis concerns defendant's right to remain anonymous.

Because plaintiff has demonstrated that limited third-party discovery is warranted in this case to allow for the adjudication of an anticipated default judgment motion, the motion for discovery (ECF NO. 15) is GRANTED.

IT IS SO ORDERED.

DATED: March 7, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE