UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOOD DAWOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIKI EAGLE SARL,<br><br>Defendant. | No. 2:22-cv-00896 DAD AC<br><br><br>ORDER |

   Before the court is plaintiff's third motion to permit limited third-party discovery. ECF No. 18. Plaintiff filed this putative class action on May 25, 2022. ECF No. 1. Defendant is a French corporation that produces air purifiers. Id. at 3. Defendant has not appeared in this case and the Clerk of Court entered default against it on October 20, 2023. ECF No. 9. Now before the court is plaintiff's third motion to conduct limited third-party discovery in anticipation of filing a motion for default judgment. ECF No. 15. Plaintiff's initial motion (ECF No. 12) was denied because plaintiff did not provide sufficient analysis. ECF No. 14. The second motion, to obtain limited third-party discovery from Circana, LLC, a database for consumer product sales data, was granted. ECF No. 17 at 2-3. Now, having been unable to obtain the necessary data from Circana, plaintiff brings a new motion for third party discovery upon third-party retailers Amazon, Walmart and Target. ECF No. 18 at 5.

Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts often grant such requests upon a showing of "good cause." See Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Good cause may exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Factors courts consider in determining whether there is good cause include "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." Strike 3 Holdings, LLC v. Doe, No. 2:22-cv-0158 TLN CKD, 2022 WL 657932, *1, 2022 U.S. Dist. LEXIS 39224, *3 (E.D. Cal. Mar. 4, 2022).

Here, plaintiff has stated a prima facie claim for breach of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"). To state a claim under the CLRA, a plaintiff must allege that the defendant's purported misrepresentations are likely to deceive a reasonable consumer, i.e., members of the public. See Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008). Plaintiff alleges that defendant misrepresented that its product, the 142C Air Purifier3, can purify a 550 sq. ft. room when it can only purify 191 sq. ft. ECF No. 1 at ¶¶ 5, 25-31. Plaintiff relied on these representations and warranties in deciding to purchase his Product. Id. ¶ 5. Plaintiff alleges that he would not have purchased the Product, or would have paid less for it, had he known Defendant's representations were not true. Id. Plaintiff alleges that Defendant's misrepresentation misled him and would mislead reasonable consumers. Id. ¶ 39. Plaintiff brings this action on behalf of a nationwide class and a California subclass. Id. ¶ 40. The first element is satisfied.

Second, plaintiff's discovery requests are sufficiently specific. Plaintiff seeks to file a Motion for Default Judgment, which will require plaintiff to provide an accurate estimation of the damages at issue. See Fed. R. Civ. P. 55(b)(2)(B). Plaintiff initially sought to subpoena Circana,

1  LLC (formerly "Information Resources, Inc."), a product sales database, for sales data of
2  defendant's product within the United States.  Scott Decl. ¶ 9.  The goal in subpoenaing Circana
3  was to eliminate the need to issue subpoenas to any other third parties such as individual retailers.
4  Id. ¶¶ 10, 11.  Unfortunately, Circana did not have the data, and so plaintiff now moves to
5  subpoena the retailers for the same information.  ECF No. 18 at 5.  As with the prior motion
6  directed at Circana, the court finds the second element is satisfied.

7        Third, plaintiff lacks alternative means to get the sales data necessary for the Motion for
8  Default Judgment because defendant is a foreign corporation and has not appeared in this action.
9  Discovery is therefore not open, and plaintiff cannot issue any Requests for Production directly to
10 defendant.  Scott Decl. ¶ 8.  The third element is satisfied.

11       Fourth, Plaintiff needs this information from the retailers because without it he will be
12 unable to provide an accurate estimate of the damages at issue which would impede entrance of a
13 default judgment.  See Fed. R. Civ. P. 55(b)(2)(B).  The fourth element is satisfied.  Finally, the
14 fifth element of the good cause analysis does not apply to this case because defendant has already
15 been identified, and this component of the analysis concerns defendant's right to remain
16 anonymous.

17       Because plaintiff has demonstrated that limited third-party discovery is warranted in this
18 case to allow for the adjudication of an anticipated default judgment motion, the motion for
19 discovery (ECF No. 18) is GRANTED.

20       IT IS SO ORDERED.
21 DATED: May 29, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE